UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES CHANEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-1125** |
| **JAMES LEBLANC, WARDEN** | **SECTION "B"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).[1]

**I.     Factual Background**

The petitioner, Charles Chaney ("Chaney"), is a convicted inmate presently incarcerated in the Dixon Correctional Institute in Jackson, Louisiana.[2] On September 4, 2002, Chaney was charged

---

[1] Under Title 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 1-2.

by Bill of Information in Tangipahoa Parish for being a felon in possession of a firearm or carrying a concealed weapon.[3]

The record reflects that, on July 1, 2002, Maria Brumfield and Yolonda Brumfield filed a complaint with Officer Kohn Milton at the Hammond Police Department stating that Maria was being threatened and stalked by Chaney, the father of her child.[4] The officer issued a radio bulletin for Chaney indicating: that he had several outstanding warrants; that he may be armed; and that he may be driving a green 1994 Mazda 626. After hearing this, Officer Ervin Bergeron, Jr. ("Bergeron"), stopped a car matching the description given. As the car came to a rolling stop, Chaney jumped out of the passenger seat and fled into the woods. After calling for assistance, Officer Bergeron had the driver, Francis Jones ("Jones"), exit the car and step to the rear of the car. He then approached the open door on the passenger side and saw a .38 caliber revolver on the floorboard. He seized the gun and determined that it was loaded with five hollow-point bullets.

Jones told Officer Bergeron that she did not know anything about the gun. She later testified that she had a child by Chaney and was in an on-going relationship with him. She also testified that she found out after Chaney's arrest that the gun belonged to her friend Lisa Hogan.

Chaney was caught by Officer Doug Banks shortly after he jumped from Jones's car. Chaney was on probation after a prior manslaughter conviction at the time of this arrest.

---

[3]St. Rec. Vol. 1 of 1, Bill of Information, 9/4/02.

[4]The facts of the case were taken from the opinion of the Louisiana First Circuit Court of Appeal. *State v. Chaney*, 912 So.2d 114 (La. App. 1st Cir. 2005) (Table); St. Rec. Suppl. Vol. 2 of 2, 1st Cir. Opinion, 2004-KA-2547, 9/28/05.

Chaney was tried before a jury on June 22 and 23, 2004, and was found guilty as charged.[5] At a hearing held on August 11, 2004, the Trial Court denied Chaney's Motion for New Trial, Motion for Post-Verdict Judgment of Acquittal, and Motion in Arrest of Judgment, finding no merit to these motions.[6] The Trial Court thereafter sentenced Chaney on August 23, 2004, to serve 15 years in prison without benefit of parole, probation, or suspension of sentence.[7] The Court later denied Chaney's Motion to Reconsider Sentence on August 31, 2004.[8]

On direct appeal to the Louisiana First Circuit Court of Appeal, Chaney's counsel raised two grounds for relief:[9] (1) counsel was ineffective for failure to object to prejudicial, inadmissable, and inculpatory hearsay testimony and for failure to object to the inadmissable "other crimes" evidence regarding the underlying stalking charge; and (2) the Trial Court abused its discretion in denying the motion for new trial where the conviction was based on newly discovered evidence of his innocence. The Louisiana First Circuit affirmed the conviction finding no merit in either claim, because the trial testimony was not hearsay or inadmissable other crimes evidence.[10] The Court also determined that the Trial Court erred in failing to impose a mandatory fine upon Chaney as part of his sentence. The Court therefore vacated the sentence and remanded the case for resentencing to include a fine.

---

[5] St. Rec. Vol. 1 of 1, Trial Minutes, 6/22/04; Trial Minutes, 6/23/04; Jury Verdict, 6/24/04; Trial Transcript, 6/22-23/04.

[6] St. Rec. Vol. 1 of 1, Hearing Minutes, 8/11/04; Motion for New Trial, 8/3/04; Motion for Post-Verdict Judgment of Acquittal, 8/3/04; Motion in Arrest of Judgment, 8/3/04; Hearing Transcript, 8/11/04.

[7] St. Rec. Vol. 1 of 1, Sentencing Minutes, 8/23/04; Sentencing Transcript, 8/23/04.

[8] St. Rec. Vol. 1 of 1, Motion to Reconsider Sentence, 8/31/04; Trial Court Order, 8/27/04 (filed 8/31/04).

[9] St. Rec. Vol. Suppl. Vol. 1 of 1, Appeal Brief, 2004-KA-2547, 2/14/05; St. Rec. Suppl. Vol. 2 of 2, 1st Cir. Opinion, 2004-KA-2547, 9/28/05.

[10] St. Rec. Suppl. Vol. 2 of 2, 1st Cir. Opinion, 2004-KA-2547, 9/28/05.

Thereafter, on November 10, 2005, Chaney's counsel filed a Motion for Post Verdict Judgment of Acquittal seeking relief from his conviction.[11] The Trial Court denied the motion on November 15, 2005, because the conviction had been affirmed on appeal.[12]

Chaney's appointed counsel also filed a writ application in the Louisiana Supreme Court seeking review of two of the claims raised on direct appeal:[13] (1) trial counsel was ineffective for failure to object to the admission of hearsay testimony; and (2) the Trial Court abused its discretion in denying the motion for new trial in light of the new evidence and counsel's admission that he was unprepared for trial. On April 24, 2006, the Louisiana Supreme Court denied the application without reasons.[14]

On August 24, 2006, Chaney submitted to the Trial Court an application for post-conviction relief raising six grounds for relief:[15] (1) the evidence was insufficient to convict, because there were no matching fingerprints and the State failed to produce evidence that Chaney possessed the gun or knew of its presence in the car; (2) counsel was ineffective for failure to call known key witnesses to show a lack of knowledge and to show that the hearsay statements were false; (3) counsel was ineffective, because he allowed hearsay testimony to be admitted at trial and caused it to be repeated on cross-examination; (4) counsel was ineffective for failure to prepare for trial or subpoena witnesses; (5) counsel was ineffective in that he was apparently in collusion with the prosecution

---

[11]St. Rec. Suppl. Vol. 2 of 2, Motion for Post Verdict Judgment of Acquittal, 11/10/05.

[12]St. Rec. Suppl. Vol. 2 of 2, Trial Court Order, 11/15/05.

[13]St. Rec. Suppl. Vol. 1 of 1, La. S. Ct. Writ Application, 05-K-2422, 12/1/05 (signed 11/28/05). The writ was apparently timely filed under the post-Hurricane Katrina orders of the Louisiana Supreme Court. *Id.*, at p. 3.

[14]*State v. Chaney*, 926 So.2d 539 (La. 2006); St. Rec. Vol. 1 of 1, La. S. Ct. Order, 2005-K-2422, 4/24/06.

[15]St. Rec. Suppl. Vol. 1 of 1, Uniform Application for Post-Conviction Relief, 8/29/06 (signed 8/24/06).

through his failure to call witnesses for the defense; and (6) he was denied access to favorable evidence, because he was not given the fingerprint analysis to show that the gun did not have his fingerprints on it. The Trial Court denied the application on September 26, 2006, because the claims were similar to those already addressed in post-conviction motions and on appeal and which had been found to be meritless.[16]

On October 20, 2006, Chaney filed a writ application to the Louisiana First Circuit, which was denied without reasons on December 11, 2006.[17] The Louisiana Supreme Court, on November 16, 2007, denied without reasons Chaney's subsequent writ application to that Court.[18]

Chaney later submitted a writ application to the Louisiana First Circuit, complaining about his sentence and the calculation of his credit for time served.[19] The Court granted the application in part and transferred it to the Trial Court for resentencing in accordance with its prior remand on direct appeal.[20] The Court denied it in part, to the extent it raised sentence calculation errors which had not been properly exhausted under Louisiana law.

On January 16, 2009, the Trial Court resentenced Chaney to serve 15 years in prison with credit for time served and without benefit of parole, probation, or suspension of sentence. The Court

---

[16] St. Rec. Suppl. Vol. 1 of 2, Trial Court Order, 9/26/06.

[17] St. Rec. Vol. 1 of 1, 1st Cir. Order, 2006-KW-2128, 12/11/06. The record does not contain a copy of the writ application. *See* St. Rec. Suppl. Vol. 1 of 1, Letter from the 1st Cir., 5/8/09. The filing date was confirmed with the office of the Clerk of the Louisiana First Circuit.

[18] *State ex rel. Chaney v. State*, 967 So.2d 518 (La. 2007); St. Rec. Suppl. Vol. 2 of 2, La. S. Ct. Order, 2007-KH-0391, 11/16/07; St. Rec. Suppl. Vol. 1 of 1, La. S. Ct. Writ Application, 07-KH-0391, 2/7/07 (*see also*, cover letter dated 1/4/07).

[19] St. Rec. Suppl. Vol. 2 of 2, 1st Cir. Writ Application, 2008-KW-2260, 10/23/08.

[20] St. Rec. Supp. Vol. 2 of 2, 1st Cir. Order, 2008-KW-2260, 12/19/008.

also assessed a fine of $1,000.00. The Trial Court, on February 5, 2009, denied Chaney's motion to reconsider the sentence, finding that it was not timely filed.[21]

Chaney wrote the Trial Court again on March 3, 2009, complaining about the calculation of his sentence by the Department of Corrections.[22] The Trial Court replied by letter instructing Chaney to pursue the appropriate review under state law through the 19th Judicial District Court.[23]

On March 18, 2009, Chaney's counsel filed a Motion to Reconsider Sentence requesting that the Court consider Chaney's February 5, 2009, motion because it was filed timely.[24] The Trial Court denied counsel's motion noting, that it was within the Court's discretion to deny a motion to reconsider.[25] According to the State's supplemental opposition memorandum, Chaney is pursuing review of the resentencing in the Louisiana First Circuit.[26] His conviction and sentence therefore are not yet final. *Burton v. Stewart*, 549 U.S. 147 (2007) (in criminal case, judgment includes conviction and sentence, so the AEDPA "limitations period did not begin until both his conviction and sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review,'" citing 28 U.S.C. § 2244(d)(1)(A)).

---

[21]The motion and order are not in the record provided by the State but are mentioned by Chaney's counsel in a subsequently filed motion to reconsider the sentence. *See* St. Rec. Vol. 2 of 2, Motion to Reconsider Sentence, 3/18/09.

[22]St. Rec. Suppl. Vol. 2 of 2, Letter to Trial Court, 3/9/09 (dated 3/3/09).

[23]St. Rec. Suppl. Vol. 2 of 2, Letter to Chaney, 3/9/09.

[24]St. Rec. Suppl. Vol. 2 of 2, Motion to Reconsider, 3/18/09.

[25]St. Rec. Suppl. Vol. 2 of 2, Trial Court Order, 3/18/09.

[26]Rec. Doc. No. 18, p. 4. The State refers to Writ No. 2009-KW-0803 which was not provided to the Court.

## II. Federal Petition

On January 27, 2007, the clerk of the United States District Court for the Middle District of Louisiana filed Chaney's petition for federal habeas corpus relief and transferred the matter to this Court by Order issued February 14, 2007.[27] Chaney alleged the following grounds for relief: (1) the State courts abused their discretion in denying him relief based on counsel's ineffectiveness and failure to prepare for trial; (2) prosecutorial misconduct occurred because they withheld *Brady* material and exculpatory fingerprint evidence; (3) the evidence was insufficient to convict; (4) ineffective assistance of counsel because (a) counsel failed to present evidence and witnesses at trial, (b) counsel coerced Chaney to take the stand, (c) counsel asked the jury to find Chaney guilty, (d) counsel never told Chaney that the prosecutor could bring up prior convictions, (e) counsel refused to subpoena witnesses, (f) counsel raised the wrong grounds as a basis for new trial, (g) counsel failed to gain the physical presence of the star witness, and (h) counsel allowed the prosecutor to withhold evidence, witnesses and conceal the fingerprint reports; (5) the Trial Court abused its discretion where it failed to declare a mistrial when it recognized that hearsay testimony was being presented at trial; and (6) counsel was ineffective when he failed to pursue the resentencing after the appeal remand.

The State filed a response in opposition to Chaney's petition that the first three claims were meritless and that the petition failed to establish a claim for ineffective assistance of counsel.[28] In its supplemental opposition, the State also argued that Chaney's fifth claim, regarding abuse of

---

[27] Rec. Doc. Nos. 1, 1-4.

[28] Rec. Doc. Nos. 10, 11.

discretion by the Trial Court, had not been exhausted in the state court system and was otherwise without merit.[29]

### III. Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[30] applies to this petition, which is deemed filed in this court under the federal mailbox rule on January 11, 2007.[31] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

In this case, the State argues that Chaney's petition contains an unexhausted claim and must be dismissed for that reason. In addition to this, the Court's review of the record reveals that Chaney also has failed to exhaust state court remedies as to three of the ineffective assistance of counsel arguments raised under claim number four and as to the ineffective assistance of counsel issue raised

---

[29]Rec. Doc. No. 19.

[30]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[31]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of the Middle District filed Chaney's federal habeas petition on January 22, 2007. Chaney did not date his signature on the petition itself. He dated the pauper application, received at the same time as the complaint, on January 11, 2007. This is the earliest date on which he could have submitted the pleadings to prison officials for mailing.

in claim number six.³² For these reasons, Chaney's petition should be dismissed for failure to exhaust.

IV.     **Exhaustion Requirement**

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Nobles*, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented to the highest state court. *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). For exhaustion purposes, it also is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not

---

³²The Court can also raise exhaustion *sua sponte*. *McGee v. Estelle*, 722 F. 2d 1206, 1214 (5th Cir. 1984) (*en banc*); *see also*, 28 U.S.C. § 2254(b)(3).

specifically presented to the state's highest court. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Furthermore, a prisoner does not fairly present a claim to the state's highest court if that court must read beyond the petition or brief, such as a lower court opinion, to find a claim not otherwise specifically raised. *Id*., at 32.

As outlined above, the record shows that Chaney has had two writ applications before the Louisiana Supreme Court. The first writ application came after his direct appeal and addressed only two claims: (1) trial counsel was ineffective for failure to object to the admission of hearsay testimony; and (2) the Trial Court abused its discretion in denying the motion for new trial based on new evidence and counsel's admission that he was unprepared.

The second writ application to the Louisiana Supreme Court raised several post-conviction claims also presented to the Trial Court and the Louisiana First Circuit as follows: (1) the evidence was insufficient to convict, because there were no matching fingerprints and the State failed to produce evidence that Chaney possessed the gun or knew of its presence in the car; (2) counsel was ineffective because (a) he failed to call known key witnesses to show a lack of knowledge and to show that the hearsay statements were false, (b) he allowed hearsay testimony to be admitted at trial and caused it to be repeated on cross-examination, (c) he failed to prepare for trial or subpoena witnesses, and (d) he was apparently in collusion with the prosecution through his failure to call witnesses for the defense; and (3) he was denied access to favorable evidence because he was not given the fingerprint analysis.

Comparing these claims to those now raised in the federal petition establishes that Chaney has not presented some of the claims to any state court, much less to the Louisiana Supreme Court in a procedurally proper manner as is required for exhaustion. Specifically, Chaney raises the

following three claims to this Court for the first time: (1) ineffective assistance of counsel because counsel coerced him into taking the stand without informing him that the prosecution could delve into his prior conviction and because counsel asked the jury to find Chaney guilty (Claim No. 4, subparts (b), (c), (d)); (2) the Trial Court abused its discretion by failing to declare a mistrial when hearsay testimony was introduced at trial (Claim No. 5); and (3) ineffective assistance of counsel for failure to pursue the resentencing timely after the direct appeal remand (Claim No. 6).

The record discloses no good cause for Chaney's failure to properly and fully exhaust all of his claims, and the Court can find none from its review of the record. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). According to the State, Chaney is still pursuing review of his resentencing, and, as a result, he does not yet have a final conviction and sentence under the AEDPA. He should be required to complete his state court review before pursuing federal relief. Therefore, Chaney's mixed petition, presenting both exhausted and unexhausted claims, should be dismissed without prejudice to allow Chaney to pursue complete exhaustion. *Pliler v. Ford*, 542 U.S. 225, 233 (2004) (quoting *Rose*, 455 U.S. at 510); *Whitehead*, 157 F.3d at 387.

## V. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Charles Chaney's petition for issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

11

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 3rd day of June, 2009.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**