```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**CHARLES CHANEY**                              **CRIMINAL ACTION**

**VERSUS**                                      **NO. 07-1125**

**JAMES LEBLANC, WARDEN**                       **SECTION "B"(1)**


## ORDER and REASONS

Before the Court is § 2254 Petitioner Charles Chaney's objections to the June 3, 2009 Report and Recommendation of United States Magistrate Judge Karen Roby (Rec. Docs. 24 & 23, respectively). For the following reasons, petitioner's objections are overruled, the Magistrate Judge's Report and Recommendations are adopted as the court's opinion, and the instant petition for habeas corpus relief is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

## DISCUSSION

This case is governed by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. The AEDPA provides that the threshold questions in habeas review are: (1) whether the petition is timely filed; and (2) whether the claim raised by the petitioner was adjudicated on the merits in state court or in other words, whether the petitioner has exhausted all of his state court remedies.

-1-

*Moffatt v. Dir., TDJC-CID*, 390 F. Supp. 2d 560, 561 (E.D. Tex. 2005).

In order to seek federal habeas relief under 28 U.S.C. § 2254, a petitioner must have first exhausted all his claims in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (U.S. 1999). Principally, "the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *Id.* 28 U.S.C. § 2254 (b) states in relevant part: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

A claim is exhausted when the actual "substance of the federal habeas claim has been fairly presented to the highest state court." *Smith v. Dretke*, 422 F.3d 269, 275 (5th Cir. 2005). The federal court claims should be the substantial equivalent of the claims presented to the state courts if they are to satisfy the fairly presented requirement. *Id.* Yet, the habeas petitioner is not required to spell out each syllable of his claim before the state court in order to satisfy the

exhaustion requirement. *Lamberti v. Wainwright*, 513 F.2d 277, 282 (5th Cir. 1975). But, "the exhaustion requirement is not satisfied if the prisoner presents new legal theories or factual claims in his federal habeas petition." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

State remedies must be exhausted except in unusual circumstances. *Castille v. Peoples*, 489 U.S. 346, 349 (U.S. 1989). The exhaustion requirement is excused only where exceptional circumstances of peculiar urgency require federal court interference. *Deters v. Collins*, 985 F.2d 789, 795-796 (5th Cir. 1993). "Based upon section 2254, if a state fails to satisfactorily protect a prisoner's right to review, federal courts are allowed to bypass the exhaustion requirement, for the exhaustion doctrine assumes that state remedies are adequate and available." *Id*. One exceptional circumstance in which the exhaustion rule would not apply is when the state system inordinately and unjustifiably delays review of the petitioner's claims. *Shelton v. Heard*, 696 F.2d 1127, 1128-29 (5th Cir. 1983). In this circumstance, the exhaustion requirement is only excused if the inordinate delay is wholly and completely the fault of the state. *Carter v. Estelle*, 677 F.2d 427, 445 (5th Cir. 1982). "Petitioners without clean hands[,] those who contribute to the excessive delay will not be heard to complain of the delay [the state has] caused and thus will not be excused

from meeting the exhaustion doctrine." *Deters v. Collins*, 985 F.2d 789, 795-796 (5th Cir. 1993).

In analyzing the instant federal court claims and the claims presented to the state courts, petitioner asserts three claims in federal court for the first time: (1) Ineffective assistance of counsel because counsel coerced him into taking the stand without informing him that the prosecution could delve into his prior conviction and because counsel asked the jury to find petitioner guilty; (2) The trial court abused its discretion by failing to declare a mistrial when hearsay testimony was introduced at trial; and (3) Ineffective assistance of counsel for failure to pursue re-sentencing timely after the direct appeal remand. These claims are new legal and factual theories that have never been raised in the highest state court. Petitioner failed to exhaust these claims in state court before submitting same to federal court.

Petitioner also failed to present an exceptional circumstance that would justify disregarding the exhaustion requirement. In Petitioner's objections, he asserts two reasons why he presents claims that have not been exhausted: (1) The denial of his request for court records by the Twenty-First Judicial District; and (2) The untimely sentencing by the Twenty-First Judicial District. (Rec. Doc. 24 at 1-4). Essentially, Petitioner asks this Court to find that the state courts have

unduly delayed review of his claims, and that this delay relieves him of the requirement to exhaust claims in state court. (Rec. Doc. 24 at 4).

However, these objections fail to constitute exceptions to the exhaustion requirement because the record illustrates that the state court has not inordinately or unjustifiably delayed review. In fact, it has afforded substantial review of claims. Petitioner was convicted in 2004, and by 2007 Petitioner had sought and received review of numerous different claims from the Louisiana First Circuit Court of Appeal and from the Louisiana Supreme Court. (Rec. Doc. 23 at 3-6). Thus, Petitioner has no good cause for failing to present the claims he currently raises in federal court, in state court. In sum, Petitioner's claims have not been exhausted in state court and Petitioner has failed to present an exception worthy of disregarding the exhaustion requirement. Accordingly, Petitioner's claims are **DISMISSED WITHOUT PREJUDICE** to allow him the opportunity to exhaust them in state court.

New Orleans, Louisiana, this 15th day of July, 2009.

UNITED STATES DISTRICT JUDGE